

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00084-CV

———————————————

FLOYD ROGERS III, AS SURVIVING SON OF DECEASED FLOYD ROGERS, JR. "JUNIOR," Appellant

V.

DR. AVI T. DESHMUKH, Appellee

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV20-0637

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Floyd Rogers III sued Texas Oncology, Corp.; Dr. David D'Spain; Dr. Than Nguyen; the Center For Cancer and Blood Disorder (the Center); UT Southwestern Medical Center; Medical City Weatherford, and Dr. Avi T. Deshmukh on claims related to the death of Rogers's father. In a series of orders, the trial court disposed of the claims against most of the defendants. Appellant filed a notice of appeal from the trial court's March 3, 2022 order dismissing the claims against Dr. Deshmukh. That order does not, however, address claims against any other defendant and does not include language indicating that it is a final judgment. *See In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding).

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). A final judgment is one that disposes of every pending claim and party. *See Lehmann*, 39 S.W.3d at 205. Unless a statutory exception applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until a final judgment is signed. *See id.*

With his notice of appeal, Appellant provided copies of the trial court's other orders in the case. However, no order disposes of his claims against Texas Oncology. The order granting summary judgment for the Center does include the word "final"— both as a phrase in the title ("Take Nothing Final Judgment") and when stating that

2

all other relief requested by the Center was denied ("[a]ll other relief sought in Defendant's Motion for Summary Judgment not expressly granted in this Order and Final Judgment is DENIED"). However, the order addresses only the claims against the Center, does not address the claims against Texas Oncology, and does not recite that it disposes of all remaining parties and claims. *See Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.) (noting that an order's title does not determine whether the order is a final judgment); *Wright v. Payne*, No. 02-19-00147-CV, 2019 WL 6003243, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (stating that using the words "final" or "appealable" in an order does not make it final without a clear indication that the trial court intended the order to dispose of the entire case).

We notified Appellant that the order from which he was appealing did not appear to be a final judgment or an appealable interlocutory order. We informed him that unless he or any party desiring to continue the appeal filed with this court a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response asserting that the March 3, 2022 dismissal order was a final judgment as to all defendants. That order does not expressly dispose of the claims against Texas Oncology or include clear finality language. *See Lehmann*, 39 S.W.3d at 205. Likewise, none of the other orders dispose of Texas Oncology or include language indicating finality. *See id.*

Because the order from which Appellant attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: April 21, 2022